OPINION *Page 2 
{¶ 1} Appellant Timothy Kolat pleaded guilty to one count of illegal conveyance of marijuana into the Belmont Correctional Institution, R.C.2921.36(A)(2), a third degree felony. Appellant was an inmate of the prison at the time the crime occurred. He was sentenced to 24 months in prison, to be served consecutively to the sentence he was already serving in Belmont County. Appellant is now pursuing a delayed appeal of his sentence based on State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, which declared a number of felony sentencing statutes to be unconstitutional under the Sixth Amendment right to a jury trial. The record indicates that Appellant failed to raise any objection to the trial court regarding the unconstitutionality of the felony sentencing statutes, and pursuant to the recent Ohio Supreme Court ruling inState v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, this alleged error has been forfeited for purposes of appeal. The judgment of the trial court is affirmed.
 {¶ 2} Appellant was indicted on April 6, 2005, for bringing marijuana into the Belmont Correctional Institution. He pleaded guilty to the charge on May 27, 2005, and he was sentenced on August 19, 2005. The sentencing journal entry was filed on September 1, 2005. Although the trial court told Appellant that he had a right to an appeal, no counsel was appointed to pursue this right. Appellant failed to file an immediate appeal of his sentence, and instead, on November 2, 2006, filed a pro se motion to vacate his sentence pursuant to Civ.R. 60(B) and Crim.R. 57(B). In that motion he argued that Foster should be applied and that he should be resentenced. *Page 3 
The trial court overruled the motion without a hearing on December 4, 2006. Appellant did not appeal that decision.
 {¶ 3} On January 30, 2007, Appellant filed a delayed appeal of both his 2005 conviction and the 2006 decision to overrule his Civ.R. 60(B)/Crim.R. 57(B) motion. On March 5, 2007, we accepted the delayed appeals. An issue has been raised as to whether we, as an appellate court, have jurisdiction to accept the appeal of the denial of his Civ.R. 60(B)/Crim.R. 57(B) motion. The motion was in the nature of a R.C. 2953.21 motion for postconviction relief, and a motion for postconviction relief is not covered by App.R. 5(A), which allows for delayed appeals in criminal proceedings. See State v. Nichols (1984),11 Ohio St.3d 40, 463 N.E.2d 375 (a petition for postconviction relief is a civil action to which an App.R. 5(A) motion for delayed appeal does not apply). Whether or not we have jurisdiction over the Civ.R. 60(B) determination, we clearly have jurisdiction over the delayed appeal of Appellant's original conviction and sentence. This forms the basis for Appellant's request to vacate. Therefore, there is no jurisdictional problem in reviewing the general issue on appeal.
 {¶ 4} Appellant presents two related assignments of error:
 {¶ 5} "The trial court committed plain error when it sentenced Timothy Kolat to a non-minimum, consecutive sentence, based on facts not found by a jury or admitted by Mr. Kolat. This denied Mr. Kolat due process of law and the right to a jury trial under the Fifth, Sixth andFourteenth Amendments of the United States Constitution. Blakely v. Washington
(2004), 542 U.S. 296; (Sentencing T.p.; [sic] Judgment Entry Filed September 1, 2005)." *Page 4 
 {¶ 6} "Trial counsel was ineffective, in violation of theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, for failing to object to the imposition of an illegal sentence. (Sentencing T.p. 5; Judgment Entry Filed September 1, 2005)."
 {¶ 7} Appellant argues, as hundreds of other felony inmates have argued since Foster was issued, that the trial court violated hisSixth Amendment right to trial by jury when it relied on statutes that required judicial, rather than jury, factfinding to impose a sentence that was more than the minimum and/or was consecutive. Foster applied the reasoning used in a number of related United States Supreme Court cases, most notably Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531. The usual remedy for Foster and Blakely sentencing errors is to vacate the sentence and remand the case for resentencing.
 {¶ 8} Prior to the Ohio Supreme Court's ruling in State v. Payne on September 26, 2007, we applied the Foster holding even in situations where there was no specific objection in the record to the constitutionality of the felony sentencing statutes. It was our conclusion that the constitutional argument was not waived by the failure of a defendant to raise a timely objection in the trial court, based on our review of the hundreds of cases being reversed and remanded by the Ohio Supreme Court.
 {¶ 9} In Payne, however, the Ohio Supreme Court determined that the usual rules of waiver and forfeiture should be applied to cases in which sentencing occurred after Blakely was issued on June 24, 2004. If aBlakely objection was not made at the trial court level, then any related sentencing error could only be reviewed *Page 5 
under the plain error rule, Crim.R. 52(B). In order to reverse based on "plain error," an actual error must exist, the error must be an obvious defect in the trial proceedings, and the error must affect the substantial rights of the defendant. State v. Barnes (2002),94 Ohio St.3d 21, 27, 759 N.E.2d 1240. The plain error rule is applied only to prevent an obvious miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus. A reversal is only warranted if the defendant can prove that the outcome, "would have been different absent the error." State v.Hill (2001), 92 Ohio St.3d 191, 203, 749 N.E.2d 274.
 {¶ 10} The record indicates that the trial court relied on and followed R.C. 2929.14(C) and 2929.14(E)(3), both of which were later declared to be unconstitutional in Foster, applying the reasoning ofBlakely. That satisfies the first prong of the plain error rule. The record also indicates that Appellant did not raise any Blakely orSixth Amendment issue with the trial court at the time of sentencing, and Appellant concedes this point in his brief on appeal. From our review of the record, however, there is no indication that the trial court would have imposed a different or more lenient sentence if theBlakely error had not occurred. This is the standard required in order to establish plain error in this matter. Appellant has failed to establish two of the three elements of the plain error rule, and we find no plain error in this case.
 {¶ 11} In the alternative, Appellant argues that his counsel was ineffective for failing to raise the Blakely issue at sentencing. To prove ineffective assistance of counsel an appellant must show: (1) that the trial attorney made errors so egregious *Page 6 
that the trial attorney was not functioning as the "counsel" guaranteed under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v. Washington (1984),466 U.S. 668, 686-687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Appellant must show that, due to his attorney's ineffectiveness, his sentence was so demonstrably unfair that there is a reasonable probability that the sentence would have been different absent his attorney's deficient performance. Appellant's argument in this regard also fails. The record does not reflect a reasonable probability that he would have received a more lenient sentence had counsel raised a timely Blakely objection in the trial court. Appellant simply assumes that his sentence would have been different, without pointing to anything in the record to support the assumption. See, e.g., State v. Triplett, 6th Dist. No. L-05-1160,2008-Ohio-367 (applying Payne and rejecting a related argument of ineffective assistance of counsel).
 {¶ 12} Appellant's assignments of error are hereby overruled, and the judgment of the trial court is affirmed in full.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1