OPINION AND JOURNAL ENTRY *Page 2 
{¶ 1} Appellant Timothy Kolat has filed a motion for reconsideration of our Opinion in State v. Kolat, 7th Dist. No. 07 BE 5, 2008-Ohio-869, pursuant to App.R. 26(A). Appellant pleaded guilty to one count of illegal conveyance of marijuana into the Belmont Correctional Institution, R.C. 2921.36(A)(2), a third degree felony. He was sentenced to 24 months in prison. On direct appeal, he argued that his sentence violated the Sixth Amendment right to trial by jury because at the time of sentencing the statute allowed the trial judge to impose a more severe sentence, after engaging in judicial factfinding, than the judge could have imposed if sentencing was simply based on the facts as found by a jury. Appellant relied on the Ohio Supreme Court case of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, which in turn relied on the United States Supreme Court case of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. In our Opinion, we held that Appellant forfeited any error based on Blakely because he did not raise the alleged Sixth Amendment error in the trial court proceedings. We also held that requirements of the plain error rule were not satisfied. We based our Opinion on the recent Ohio Supreme Court case ofState v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642. We then affirmed the trial court judgment.
 {¶ 2} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should *Page 3 
have been." Columbus v. Hodge (1987), 37 Ohio App.3d 68, 523 N.E.2d 515, paragraph one of the syllabus.
 {¶ 3} Appellant contends that he did object to his sentence, and that it was clear from the trial transcript that he objected. He believes that we erred in our Opinion by ruling that he forfeited anyBlakely issue because he claims we failed to take into account his objection at sentencing. Appellant is incorrect. The sentencing transcript reveals that, as the trial judge was making his final considerations relating to the length of the prison term, Appellant made an insulting comment to the judge. The trial judge then responded by warning Appellant that further outbursts might result in harsher sentence. No Sixth Amendment or Blakely objection was raised during this dialogue or at any other time during the sentencing hearing.
 {¶ 4} Appellant seems to believe that his insulting comment to the judge regarding the judge's deliberation over the two-year prison term constituted a proper objection. (Tr., p. 8.) In a proper objection, though, a defendant must articulate the basis of the objection in a manner that will apprise the trial court of the legal grounds for the objection. State v. Fisher, 148 Ohio App.3d 126, 2002-Ohio-3026, ¶ 13. General dissatisfaction with the severity of the sentence has nothing to do with whether the sentence may have violated the Sixth Amendment right to trial by jury.
 {¶ 5} Appellant also briefly raises a question as to whether his plea was made voluntarily. Appellant argues that it was involuntary because he did not understand whether he would be eligible for judicial release. This issue was not raised in the direct appeal. "Generally, an appellate court does not consider additional assignments of error on reconsideration." State v. Lathan, 6th Dist. No. L-03-1188, *Page 4 2005-Ohio-321, ¶ 6. Because we were not asked to consider the voluntary nature of Appellant's plea in the direct appeal, there is no error in our failure to consider the matter.
 {¶ 6} This motion for reconsideration is hereby overruled.
Waite, J., concurs.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1