DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals his sentence for possession of chemicals for drug manufacture in the Fulton County Court of Common Pleas. Because we conclude that appellant's failure to timely object to delay in sentencing waived error, we affirm.
 {¶ 2} Appellant, Robert Fugate, and two others were named in December 2004 indictments charging each with a single count of illegal assembly or possession of *Page 2 
chemicals for the manufacture of methamphetamine, a third-degree felony. He initially pled not guilty, but amended his plea to guilty in return for the state's recommendation that he be sentenced to a two year term of incarceration.
 {¶ 3} On February 14, 2005, following a Crim.R. 11 colloquy, the trial court accepted appellant's plea. Sentencing was set for March 4. When appellant failed to appear for sentencing on that date or a rescheduled hearing, the court issued a warrant for his arrest. On March 15, 2005, the state moved for forfeiture of appellant's bond, noting in its memorandum in support that appellant was, "* * * currently in the Noble County Jail, Albion, Indiana, having been charged on May 14, 2005, with committing two felonies offenses [sic] and two misdemeanors offenses [sic] on March 13, 2005."
 {¶ 4} The record reflects no further activity in appellant's case until May 11, 2006, when the court received from him a handwritten "notice to commence prosecution" mailed from the Noble County Jail. On July 11, 2006, the court received a second communication from appellant, advising the court that he had been sentenced to a seven-year term (two suspended) in Indiana and requesting that his Ohio sentence be imposed concurrent with the Indiana time.
 {¶ 5} On September 18, 2006, appellant was transported to the trial court where he was sentenced to a two-year term of imprisonment, consecutive to his Indiana sentence. From this sentencing judgment, appellant now brings this appeal. Appellant sets forth the following single assignment of error: *Page 3 
 {¶ 6} "I. The trial court was without jurisdiction to render a sentence upon the appellant due to the unreasonable delay in sentencing."
 {¶ 7} Relying on a series of appellate cases which appellant purports hold that an unreasonable delay between conviction and sentencing divests the sentencing court of jurisdiction to impose a sentence, appellant maintains that the 19 month delay between when he was found guilty and the time he was sentenced was unreasonable and the sentence imposed is void.
 {¶ 8} "`Jurisdiction has been described as a word of many, too many, meanings.'" Pratts v. Hurley, 102 Ohio St.3d 81, 88, 2004-Ohio-1980, ¶ 33, quoting United States v. Vanness (C.A.D.C.1996), 85 F.3d 661, 663, fn 2. Because the term is used in a number of contexts and frequently without clarification, it has often been misinterpreted. Id.
 {¶ 9} "`Jurisdiction' means `the courts' statutory or constitutional power to adjudicate the case.' The term encompasses jurisdiction over the subject matter and over the person. Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. It is a `condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.'" Id., ¶ 11. (Citations omitted.)
 {¶ 10} If neither subject matter jurisdiction nor personal jurisdiction is implicated, subsequent questions relate only to the court's exercise of its jurisdiction and are only voidable. Id., ¶ 12. Purported errors in a court's decisions in the exercise of its jurisdiction may be waived and are waived by failure to interpose timely objections. *Page 4 State v. Barnes (1982), 7 Ohio App.3d 83, 85; State v. Comen (1990),50 Ohio St.3d 206, 211.
 {¶ 11} A common pleas court is a court of general jurisdiction and has original jurisdiction over criminal offenses committed by an adult.Pratts, ¶ 13; Section 4(B), Article IV, Ohio Constitution. Thus, the trial court had subject matter jurisdiction over appellant and any purported error relates only to the court's exercise of jurisdiction.
 {¶ 12} Appellant offered no objection to the timeliness of his sentencing at the sentencing hearing. Such a failure to object constitutes a waiver of the error claimed. State v. Comen, supra. We also note that, given appellant's failure to appear at his scheduled sentencing hearings and his subsequent unavailability due to his criminal acts in another state, we do not consider the delay in sentencing in this matter to be unreasonable. Accordingly, appellant's single assignment of error is not well-taken.
 {¶ 13} On the consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 5 
 Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1