OPINION
{¶ 1} Pro se Appellant Daniel J. Fatula appeals the judgment of the Belmont County Court of Common Pleas dismissing his petition for postconviction relief. Appellant argues that his counsel was ineffective for promising a six-month prison term to a second-degree felony charge of burglary, and for promising that he would get drug treatment as part of the sentence. The record does not reflect that any promises were made regarding a specific prison term. The record also indicates that the trial court did order drug treatment for Appellant. Appellant's arguments are not supported by the record, and the judgment of the trial court is affirmed.
 {¶ 2} Appellant was indicted on October 4, 2006, on one count of burglary, R.C. 2911.12(A)(2), a second degree felony, punishable by two to eight years in prison. Trial was set for December 28, 2006, but Appellant decided to enter into Crim.R. 11 plea negotiations. He failed to appear at the plea hearing scheduled for December 22, 2006, and a warrant was issued for his arrest. He appeared on December 27, 2006, and entered a plea of guilty to the burglary charge. The prosecutor agreed to "stand silent" at sentencing. There was also a notation on the plea agreement that the victims in the case suggested Appellant receive drug treatment. (12/27/06 Plea Agreement.) The record indicates that Appellant had a long criminal history including many convictions for the possession and sale of drugs. The court accepted the plea, and filed its journal entry on January 3, 2007. In the journal entry, the court stated that, "Defendant is ordered to be evaluated by Crossroads Counseling Services for substance abuse while incarcerated at the Belmont County Justice Center." *Page 2 
 {¶ 3} Sentencing took place on January 19, 2007. The court's sentencing journal entry is dated January 22, 2007. The court sentenced Appellant to three years in prison, and ordered him to pay $850 in restitution. The court also ordered, "that Defendant be considered for intense drug and alcohol treatment for his alcohol/drug addictions while incarcerated in the penitentiary." (1/22/07 Journal Entry, p. 4.)
 {¶ 4} Appellant did not file a direct appeal of his conviction and sentence. On March 23, 2007, Appellant filed a petition to vacate his conviction and sentence. Appellant argued that his counsel was ineffective for not insuring that he would be sentenced to only six months in prison. Appellant also argued that he received clemency for crimes committed in the State of Florida, and that his counsel failed to mention this to the trial court at sentencing. A document attached to the petition indicated that Appellant received a restoration of civil rights in Florida, but it did not indicate that clemency was granted. The state opposed the petition to vacate, arguing that there was never any discussion during the plea negotiations that Appellant would be sentenced to only six months in prison. The state pointed out that a six-month prison term is not a possible sentence for a second degree felony, which carries a minimum prison term of two years. The state indicated that there was nothing in Appellant's petition indicating any ineffective assistance of counsel or irregularity in the plea or sentencing process.
 {¶ 5} The trial court treated Appellant's petition as a petition for postconviction relief. The court overruled the petition on May 14, 2007. Appellant *Page 3 
filed this appeal on June 12, 2007. Appellant does not raise any assignments of error in this pro se appeal, instead he simply sets forth his argument in a ten-page handwritten brief.
 ARGUMENT ON APPEAL {¶ 6} Appellant contends that he does not have to provide any facts to establish that his counsel promised him a six-month prison term, and that the record conclusively establishes that he did not receive a six-month prison term. Appellant claims that his counsel was ineffective for not following through on the plea agreement. Appellant acknowledges that his March 23, 2007, filing was a petition for postconviction relief.
 {¶ 7} R.C. 2953.21 governs postconviction relief proceedings. An order dismissing a petition for postconviction relief is reviewed for abuse of discretion. State v. Williams, 165 Ohio App.3d 594, 2006-Ohio-617,847 N.E.2d 495, ¶ 20. The petition must demonstrate that the denial or infringement of the petitioner's rights renders the petitioner's conviction and sentence void or voidable under the Ohio or United States Constitutions. Id. at ¶ 33, citing State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104. If the petitioner does not submit evidentiary materials which facially demonstrate a constitutional violation, the court may deny the petition without a hearing. State v. Jackson (1980),64 Ohio St.2d 107, 110, 413 N.E.2d 819. The trial court may summarily dismiss the petition if the allegations in the petition would not entitle the prisoner to the relief being sought. Perry at 178. The petition may also *Page 4 
be dismissed, if the record in the matter clearly discloses no facts, "* * * sufficient to entitle the prisoner to relief[.]" Id.
 {¶ 8} To prevail on a claim of ineffective assistance of defense counsel, a postconviction petitioner must demonstrate that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced him.Strickland v. Washington (1984), 466 U.S. 668, 694, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. To establish prejudice, the petitioner must demonstrate that counsel's deficient performance, "so undermined the proper functioning of the adversarial process that the trial could not have reliably produced a just result." State v. Powell (1993), 90 Ohio App.3d 260, 266,629 N.E.2d 13 (citing Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180, and Strickland, supra).
 {¶ 9} The record indicates that Appellant entered a plea of guilty to the burglary charge. "Entry of a voluntary guilty plea waives ineffective assistance of counsel claims except to the extent that counsel's performance causes the waiver of Defendant's trial rights and the entry of his plea to be less than knowing and voluntary." State v.Kidd, 2nd Dist. No. 03CA43, 2004-Ohio-6784, ¶ 16. Appellant does not specifically argue that his plea was involuntary, but only that his attorney should have secured a six-month prison term that included drug treatment. Appellant did not provide any transcripts as part of the appeal, so it is impossible to review any possible irregularities in the plea process or the sentencing hearing. The trial court's journal entry of January 3, 2007, indicates that no promises of leniency or special *Page 5 
treatment were made during the plea process; that Appellant understood the charge against him as well as the maximum penalty for the crime; that he understood and accepted the plea agreement, that he was satisfied with the services of his counsel; and that he voluntarily, knowingly and intelligently entered his plea of guilty. Appellant's plea agreement clearly indicates that the prosecutor was not going to recommend any sentence, but rather, would stand silent at sentencing. (12/27/07 Plea Agreement.) The record expressly contradicts the allegations in Appellant's petition, and the trial court was correct in dismissing the petition.
 {¶ 10} Appellant's argument that his counsel failed to secure drug treatment for him is also directly contradicted by the record. The court's journal entries from both the plea hearing and the sentencing hearing contain specific orders regarding requests for evaluation and treatment for Appellant's substance abuse problems.
 {¶ 11} It is not clear what argument Appellant is attempting to make regarding supposed clemency in Florida, because the document that Appellant relies on does not indicate he received clemency. The document only reflects he may have had certain civil rights restored to him after serving a felony sentence.
 {¶ 12} Appellant has failed to prove or even allege that he was prejudiced by his counsel's alleged actions, and prejudice is one of the required elements of proving ineffective assistance of counsel. In order for ineffective assistance of counsel to have caused prejudice in the context of a guilty plea, the defendant must show that he would not have entered into the plea agreement and that counsel's actions precluded the defendant from entering the plea knowingly and voluntarily. *Page 6 State v. Gegia, 157 Ohio App.3d 112, 2004-Ohio-2124, 809 N.E.2d 673, ¶ 17;State v. Whiteman, 11th Dist. No. 2001-P-0096, 2003-Ohio-2229, ¶ 24. Appellant has not alleged that he desired to withdraw his plea. There is no indication he has ever attempted to withdraw the plea, and there is no indication that his allegations as to a proposed six-month prison term had any bearing whatsoever on the plea process.
 {¶ 13} Appellant's arguments are overruled, and the judgment of the trial court dismissing the petition for postconviction relief is affirmed.
Donofrio, J., concurs.
DeGenaro, P.J., concurs. *Page 1