The STATE of Ohio, Appellee,

v.

OWENS, Appellant.

[Cite as State v. Owens, 181 Ohio App.3d 725, 2009-Ohio-1508.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 07 MA 229.

Decided March 26, 2009.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Ralph M. Rivera, Assistant Prosecuting Attorney, for appellee.

Douglas King, for appellant.

Lawrence Owens, pro se.

DeGenaro, Judge.

{¶ 1} This timely appeal comes for consideration upon the record in the trial court, and the parties' briefs. Appellant, Lawrence Owens, appeals the decision of the Mahoning County Court of Common Pleas that found him guilty of engaging in a pattern of corrupt activity pursuant to R.C. 2923.32(A)(1) and failure to comply with the order or signal of a police officer pursuant to R.C. 2921.331, and sentenced him accordingly.

{¶ 2} Both Owens, acting pro se, and Owens's appointed counsel, filed briefs assigning errors in this matter. Both argue that the trial court lost jurisdiction to impose a sentence upon Owens because of an unreasonable delay between the plea and the sentence. However, the two diverge in their proposed remedies for this alleged error. Counsel contends that the error should result in the reversal and vacation of Owens's sentence, while Owens argues pro se that his conviction

should also be vacated. Owens assigns three additional errors in his pro se brief: (1) his trial counsel was ineffective, (2) his plea agreement was invalid because he did not properly waive presentment of an amended charge to the grand jury, and (3) the trial court denied him his right to allocution as set forth in Crim.R. 32(A)(1).

{¶ 3} Upon review of the record, only counsel's assignment of error is meritorious. The delay between the plea and the sentence was unreasonable and can only be attributed to the state. The proper remedy is the one espoused by counsel, i.e., Owens's sentence must be vacated. However, Owens's remaining three pro se assignments of error are meritless. The ineffective-assistance-of-counsel claim is waived by virtue of Owens's knowing, voluntary, and intelligent guilty plea. Owens's challenge to the validity of his plea agreement is meritless, because the record reveals that Owens knowingly and voluntarily waived his right to presentment of the amended charge to the grand jury. Finally, Owens's fourth pro se assignment of error, which relates to his Crim.R. 32(A)(1) right to allocution, is moot based upon our decision to vacate Owens's sentence.

{¶ 4} Accordingly, the judgment of the trial court is affirmed in part and vacated in part. Owens's conviction is affirmed and his sentence is vacated.

## Facts

{¶ 5} On June 2, 2005, Owens was indicted by the Mahoning County Grand Jury on one count of trafficking in marijuana pursuant to R.C. 2925.03(A)(2) and (C)(3)(f), a felony of the second degree; one count of failure to comply with the order or signal of a police officer pursuant to R.C. 2921.331(B), a felony of the third degree; and one count of possession of marijuana, pursuant to R.C. 2925.11(A)(C)(3)(f), a felony of the second degree. A criminal forfeiture specification for $34,450 was attached to the trafficking and possession charges pursuant to R.C. 2925.42.

{¶ 6} On February 23, 2006, Owens pleaded guilty to one count of failure to comply with the order or signal of a police officer pursuant to R.C. 2921.331(B) and one amended count of pattern of corrupt activity, a second-degree felony pursuant to R.C. 2923.32(A)(1) and (B)(1). The predicate acts considered for the pattern-of-corrupt-activity charge were (1) conspiracy to traffic in marijuana, in violation of R.C. 2923.01 and 2925.03(A)(1) and (C)(3)(f), which would have been a third-degree felony if independently considered, and (2) attempted funding of a drug transaction, in violation of R.C. 2923.02 and 2925.05, which would have been a fourth-degree felony if independently considered. The plea agreement contained an express waiver of Owens's right to have the amended charge presented to the grand jury.

{¶ 7} In exchange for the guilty plea, the state dismissed the possession charge and agreed to recommend that Owens be sentenced to a total of three years' imprisonment. In addition, Owens stipulated to the $34,450 forfeiture. The trial court accepted the plea as knowingly, intelligently, and voluntarily made.

{¶ 8} Prior to his sentencing, and while out on bond, Owens was arrested and jailed in Mercer County, Pennsylvania. As a result, on March 10, 2006, the state of Ohio filed a motion to terminate bond and proceed with sentencing. That same day, the trial court issued a judgment entry revoking Owens's bond, and ordering him to "be transferred, by extradition if necessary and or transported * * * to effectuate appearance before this court."

{¶ 9} Owens signed a waiver of extradition with the Mercer County Court of Common Pleas on April 6, 2006. On April 14, 2006, the Mahoning County Court of Common Pleas issued an order commanding the Mahoning County Sheriff's department to transfer Owens to Mahoning County for sentencing on April 26, 2006. The court also issued a bench warrant for Owens's arrest and a warrant for removal. However, according to a June 12, 2006 docket entry, the Pennsylvania authorities returned the warrant for removal and refused to release Owens.

{¶ 10} The record reflects that no further action was taken on Owens's case until he was apprehended by Ohio authorities on July 18, 2007, following his release from jail in Pennsylvania. A sentencing hearing was initially set for August 8, 2007, but was continued in response to a motion filed by Owens. On September 6, 2007, Owens filed a motion to dismiss the charges due to the delay between the plea and the sentencing.

{¶ 11} On September 6, 2007, Owens's sentencing hearing took place. First, the trial court summarily denied Owens's motion to dismiss the charges. Then the court invited Owens to speak on the record "as to why judgment and sentence shouldn't be pronounced or in mitigation of punishment." Owens gave a lengthy statement.

{¶ 12} The trial court ultimately sentenced Owens to definite terms of three years for the pattern-of-corrupt-activity count and three years for the failure-to-comply count. The court ordered those terms to be served concurrently for a total of three years in prison. The court noted that Owens may be subject to a period of postrelease control for up to three years. Additionally, the court gave Owens credit for 548 days served, which included his time jailed in Pennsylvania. The court also specified that the time served would be credited as if Owens had been confined in the penitentiary.

{¶ 13} On November 20, 2007, the case was called for a resentencing hearing. The Ohio Department of Rehabilitation and Correction ("ODRC") had notified the trial court about a problem with the original sentencing order. Namely, that

order specified that the two counts were to be served concurrently, when R.C. 2921.331(D) actually mandates that a failure-to-comply count be served *consecutively* to any other prison term imposed on an offender. As a result, the trial court amended its sentencing order to comply with that statute. However, the overall length of the prison sentence, three years, remained the same.

{¶ 14} In addition, the trial court changed its previous order that Owens's Pennsylvania jail time would be credited as if it was penitentiary time. The court still credited Owens with the 548 days served, as in its previous sentencing order, but specified that this was time spent in the county jail, not in the penitentiary. The court then stated that "all other terms and conditions of the prior sentence of September 13, 2007, other than those specifically changed above, are incorporated herein."

{¶ 15} During the resentencing hearing, Owens renewed his argument that the delay between the plea and the sentencing was unreasonable and that the charges should be dismissed. The trial court refused to revisit that issue.

{¶ 16} On December 18, 2007, Owens filed a pro se notice of appeal. Owens also sought appointment of appellate counsel and filed an affidavit of indigency in support. On January 17, 2008, this court sustained Owens's motion for appointment of counsel and appointed the Ohio Public Defender.

{¶ 17} On March 18, 2008, Owens's appointed counsel filed a motion to withdraw as counsel due to her conflict of interest with Owens as to the issues to be presented on appeal. We granted that motion and appointed substitute counsel. On June 13, 2008, counsel filed a merit brief on Owens's behalf. The state filed its responsive brief on July 11, 2008.

{¶ 18} Then, on July 17, 2008, Owens sent a letter to this court, which he apparently intended to serve as a pro se brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and *State v. Toney,* 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.E.2d 419.

{¶ 19} In response, within a judgment entry dated August 19, 2008, we noted that an Anders no-merit brief was not warranted in this case because counsel had filed a brief listing an assignment of error. We proceeded to instruct Owens that should he desire to file his own brief listing additional errors that he may petition the court for leave, and submit the brief in the proper format, as specified by the Ohio Rules of Appellate Procedure, within 30 days.

{¶ 20} On September 18, 2008, Owens filed a pro se motion for leave to file a supplemental brief. He then filed that brief on September 23, 2008. The state responded and Owens replied.

{¶ 21} On November 11, 2008, Owens filed with this court a pro se motion for stay of execution of his sentence and request to reinstate. We declined to take

action on the motion, because Owens had not first filed it with the trial court as required by the Appellate Rules. Owens subsequently filed a motion for stay with the trial court, which was overruled on November 24, 2008. Owens proceeded to file a motion for stay with this court, which we overruled on February 3, 2009.

### Delay between the Plea and the Sentencing

{¶ 22} The sole assignment of error set forth by counsel, and Owens's third pro se assignment of error make similar arguments and therefore we will discuss them together.

{¶ 23} Counsel's sole assignment of error asserts:

{¶ 24} "The trial court lost jurisdiction to impose a sentence upon Defendant/Appellant due to the unjustified delay between Mr. Owens' February 23, 2006, plea hearing and his September 6, 2007 sentencing hearing and therefore said sentence is void."

{¶ 25} Owens third pro se assignment of error asserts:

{¶ 26} "The trial court erred when it did not grant Appellant's motion for dismissal filed September 6th, 2007. Further, without affording him a hearing and therefore his charges should be dismissed."

{¶ 27} An unreasonable delay between a plea and a sentencing, which cannot be attributed to the defendant, will invalidate that sentence. *State v. Brown*, 152 Ohio App.3d 8, 2003-Ohio-1218, 786 N.E.2d 492, at ¶ 31. Our holding in *Brown* was based upon an inference from the Ohio Supreme Court's holding in *Neal v. Maxwell* (1963), 175 Ohio St. 201, 24 O.O.2d 281, 192 N.E.2d 782. In *Neal*, the court held: "It is well established that the time of pronouncing sentence is within the discretion of the trial court and a delay for a reasonable time does not invalidate the sentence." Id. at 202, 24 O.O.2d 281, 192 N.E.2d 782. Based upon *Neal*, this court inferred that an unreasonable delay does invalidate a sentence. *Brown* at ¶ 20.

{¶ 28} In *Brown*, the defendant pleaded guilty to charges in Columbiana County, but prior to his sentencing was arrested and detained in Jefferson County pursuant to a request for extradition to Colorado. He was subsequently extradited to Colorado. When Brown failed to appear in Columbiana County for his scheduled sentencing, the trial court ordered the County Sheriff to retrieve him from Colorado, and issued a bench warrant for Brown's arrest. However, Brown was not returned to Ohio, and for 20 months thereafter, neither the state, nor the trial court made any efforts to effect a valid sentence upon Brown. Finally, over three years after he had entered his guilty plea, Brown was sentenced via video conference. On appeal, we reversed Brown's sentence,

holding that the 20–month delay was unreasonable and divested the trial court of jurisdiction to render the sentence. *Brown* at ¶ 31.

{¶ 29} As this court noted in *Brown*, "appellate courts which have dealt with this issue * * * have uniformly concluded that any delay in sentencing must be reasonable in order to be valid." *Brown*, 152 Ohio App.3d 8, 2003-Ohio-1218, 786 N.E.2d 492, ¶ 20. For example, in *Warren v. Ross* (1996), 116 Ohio App.3d 275, 277, 688 N.E.2d 3, the court held that the trial court lost jurisdiction to impose a driver's license suspension because there was an unexplained four-year delay in imposing that sentence. Similarly, in *Willoughby v. Lukehart* (1987), 39 Ohio App.3d 74, 76, 529 N.E.2d 206, the court reversed a sentence after an unjustified delay of 13 months between the conviction and sentence.

{¶ 30} Further, in *State v. Johnson*, 12th Dist. No. CA2002–07–016, 2003-Ohio-6261, 2003 WL 22764425, the court, relying on *Brown*, held that a six-and-a-half year delay in sentencing the defendant was unreasonable. In *Johnson*, the defendant pleaded guilty to charges; was released on bond; failed to appear at the sentencing hearing; and soon thereafter was arrested, charged and convicted of unrelated offenses in Kentucky. Both Johnson and his attorney wrote letters to the Ohio court notifying it of Johnson's whereabouts and requesting disposition of the case. However, the court failed to sentence Johnson until he was released from prison in Kentucky, over six years later. The Twelfth District held that this unexplained, unreasonable delay divested the trial court of jurisdiction to sentence Johnson, and thus reversed the sentence. *Johnson* at ¶ 17–18.

{¶ 31} In the present case, the delay between Owens's guilty plea and the sentencing was also unreasonable. The docket indicates that the Pennsylvania authorities refused to release Owens on June 12, 2006, and that for over 13 months thereafter, neither the trial court nor the state made any attempt to effect a valid sentence upon Owens, despite the fact that Owens waived extradition with the Pennsylvania court.

{¶ 32} There are several methods that the state and/or the trial court could have used to sentence Owens. They could have sentenced him by video conference, commenced formal extradition proceedings pursuant to R.C. 2963.01, or requested a waiver from Owens of his right to be physically present at the sentencing hearing. *Brown* at ¶ 26–28; *Johnson* at ¶ 16.

{¶ 33} The state provides no reasons why none of these methods were utilized. Instead, the state makes two arguments against vacating Owens's sentence, both of which are meritless. First, the state argues that this assignment of error is moot because Owens already got a remedy, namely, the resentencing hearing. However, the remedy for an unreasonable delay in sentencing is not a resentencing hearing; rather, it is the vacation of the

sentence. See *Brown,* 152 Ohio App.3d 8, 2003-Ohio-1218, 786 N.E.2d 492, at ¶ 31; *Johnson,* 2003-Ohio-6261, 2003 WL 22764425, at ¶ 18. Second, the state contends that the delay in sentencing cannot be attributed to the state or to the trial court. However, as explained above, the state and the trial court inexplicably failed to utilize the options available to them to sentence Owens within a reasonable time. Moreover, as in *Brown* and *Johnson,* the delay cannot be attributed to Owens.

{¶ 34} The dissent emphasizes the fact that Owens's location at the time of his originally scheduled sentencing hearing, that is, in a Pennsylvania jail, was not attributable to the state. However, the fact that a defendant's unavailability for sentencing was caused by his out-of-state incarceration does not necessarily mean that the delay was reasonable. See, e.g., *Johnson.* Looking at the totality of the circumstances in this case, to wit: Ohio authorities knew Owens's whereabouts, Owens waived extradition, the 13–month period in which no action was taken by the state, Owens was jailed not far from Mahoning County, and other methods were available to sentence Owens even absent extradition, we find that the delay was unreasonable, and therefore Owens's sentence is void.

{¶ 35} Owens argues in his pro se brief that the proper remedy for this unreasonable delay is that his conviction be vacated. However, in *Brown,* we held that the remedy for an unreasonable delay is for "the sentence [to] be reversed, rather than a full dismissal of the charges." *Brown* at ¶ 30, citing *Ross,* 116 Ohio App.3d at 277, 688 N.E.2d 3, and *Lukehart,* 39 Ohio App.3d at 76, 529 N.E.2d 206. See also *Johnson* at ¶ 18.

{¶ 36} Owens also argues at length in his pro se brief that the Interstate Agreement on Detainers ("IAD"), codified as R.C. 2963.30, governs his case and mandates that his conviction be reversed. The IAD provides a system for prisoners incarcerated in one state to be temporarily extradited to another state to face charges there.

{¶ 37} However, Owens's reliance on the IAD is misplaced. The IAD does not apply to detainers placed on prisoners who have already been convicted and need only to be sentenced. See *Brown* at ¶ 25; *State v. Barnes* (1984), 14 Ohio App.3d 351, 352–353, 14 OBR 418, 471 N.E.2d 514. Rather, the IAD applies only to "untried" indictments, informations, and complaints. R.C. 2963.30, Articles I, III(a), IV(a).

{¶ 38} Thus, based on the foregoing, counsel's sole assignment of error is meritorious. The state and the trial court had several methods to effectuate a valid sentence upon Owens within a reasonable time, and they failed to do so. Owens's sentence is vacated.

### Ineffective Assistance of Counsel

{¶ 39} In his first pro se assignment of error, Owens argues:

{¶ 40} "Appellant's Trial Counsel was ineffective when he induced him into an invalid plea agreement and therefore his plea and indictment are invalid."

{¶ 41} "To prove ineffective assistance of counsel an appellant must show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the 'counsel' guaranteed under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense." *State v. Kolat,* 7th Dist. No. 07BE5, 2008-Ohio-869, 2008 WL 564881, at ¶ 11, citing *Strickland v. Washington* (1984), 466 U.S. 668, 686–687, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 42} However, " '[e]ntry of a voluntary guilty plea waives ineffective assistance of counsel claims except to the extent that counsel's performance causes the waiver of Defendant's trial rights and the entry of his plea to be less than knowing and voluntary.' " *State v. Fatula,* 7th Dist. No. 07BE24, 2008-Ohio-1544, 2008 WL 852027, at ¶ 9, quoting *State v. Kidd,* 2d Dist. No. 03CA43, 2004-Ohio-6784, 2004 WL 2903886, at ¶ 16. See also *State v. Spates* (1992), 64 Ohio St.3d 269, 595 N.E.2d 351.

{¶ 43} In this case, Owens contends that his trial counsel was ineffective in that he somehow "induced" him to plead guilty to charges that stemmed from an "invalid" indictment. However, there is no evidence that trial counsel induced Owens to enter the guilty plea. To the contrary, Owens's plea was knowing, voluntary, and intelligent.

{¶ 44} In a criminal case, a plea must be made "knowingly, intelligently, and voluntarily." *State v. Engle* (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450. Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. *State v. Spates* (1992), 64 Ohio St.3d 269, 272, 595 N.E.2d 351.

{¶ 45} To help ensure that guilty pleas are knowingly, intelligently, and voluntarily made, Crim.R. 11(C) sets forth specific procedural requirements that a trial judge follows when accepting a guilty plea from a defendant:

{¶ 46} "(C) Pleas of guilty and no contest in felony cases.

{¶ 47} "(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this right.

{¶ 48} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 49} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 50} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 51} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 52} Subsection (2)(c) sets forth various constitutional rights that the trial court *must* discuss with the defendant prior to accepting a plea. The court must explain that by entering a plea the defendant is waiving these rights. With respect to these constitutional rights, strict compliance with Crim.R. 11(C) is required. *State v. Ballard* (1981), 66 Ohio St.2d 473, 477, 20 O.O.3d 397, 423 N.E.2d 115. See generally *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

{¶ 53} Subsections (2)(a) and (b) set forth various nonconstitutional rights that the trial court must also discuss with the defendant prior to accepting his plea. See *State v. Root,* 7th Dist. No. 07MA32, 2007-Ohio-7202, 2007 WL 4696810, at ¶ 14. However, with respect to these nonconstitutional rights, only "substantial compliance" with Crim.R. 11(C) is required. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.

{¶ 54} In the present case, the transcript of the plea hearing indicates that the trial court complied with all portions of Crim.R. 11(C). Owens was represented by counsel, both prior to and during the hearing. The trial court explained to Owens that by pleading guilty he would relinquish his constitutional rights to a jury trial, to have the state prove his guilt beyond a reasonable doubt, to confront adverse witnesses, and to compel the attendance of witnesses he might wish to present in his favor. The trial court also explained that Owens could not be

compelled to testify against himself at trial. Owens indicated his complete understanding.

{¶ 55} The trial court also explained to Owens his nonconstitutional rights. The court informed Owens of the nature of the charges against him and the maximum penalties involved. In addition, the trial court informed Owens that upon acceptance of his plea the court could proceed to judgment and sentencing. The court did not specifically state that the offenses were nonprobational; however, the court substantially complied with this requirement by informing Owens about the statutory sentencing ranges for each count, all of which required prison time. See *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.

{¶ 56} Owens indicated that he understood the rights he would waive by pleading guilty and that he wished to go forward with the plea. Thus, all of the Crim.R. 11 requirements were satisfied, and Owens's plea was knowing, voluntary, and intelligent.

{¶ 57} Nonetheless, Owens makes two arguments as to why his plea was unknowing, both of which are meritless. First, as indicated earlier, he argues that counsel somehow induced him to enter a plea of guilty. However, there is simply no support in the record for this allegation. Moreover, Owens indicated during the plea hearing that he was not threatened or promised anything in exchange for his guilty plea and that he was satisfied with his counsel's representation.

{¶ 58} Second, Owens appears to argue in his reply brief that there was insufficient evidence to support the pattern-of-corrupt-activity conviction and that this somehow meant that his plea was unknowing. However, this argument is also meritless. During the plea hearing, Owens knowingly relinquished his constitutional right to have the state prove his guilt beyond a reasonable doubt at trial.

{¶ 59} In sum, Owens's plea was knowingly, voluntarily, and intelligently made, and thus his ineffective-assistance-of-counsel claim is waived. *Fatula*, 2008-Ohio-1544, at ¶ 9. Accordingly, Owens's first pro se assignment of error is meritless.

### Waiver of Presentment of the Amended Charge to the Grand Jury

{¶ 60} In Owens's second pro se assignment of error he argues:

{¶ 61} "Appellant's indictment and amended plea agreement are defective and appellate court should apply plain error review of the Federal Rules of Criminal Procedures, (sic) 52(B)."

{¶ 62} Here Owens essentially argues that his plea agreement was invalid because it included a new charge that was never presented to the grand jury. Owens was first indicted by the grand jury on one count of trafficking in

marijuana pursuant to R.C. 2925.03(A)(C)(3), one count of failure to comply with the order or signal of a police officer pursuant to R.C. 2921.331(B), and one count of possession of marijuana pursuant to R.C. 2925.11(A)(C)(3). He subsequently pleaded guilty to one amended count of pattern of corrupt activity, pursuant to R.C. 2923.32(A)(1), and one count of failure to comply with the order or signal of a police officer pursuant to R.C. 2921.331(B).

{¶ 63} It is true that the pattern-of-corrupt-activity charge was never presented to the grand jury. However, Owens's plea agreement contained an express waiver of his right to have that amended charge so presented. Nonetheless, Owens contends that this waiver was invalid because he "waived rights that (in fact) he could not waive." He therefore argues that his plea agreement was invalid.

{¶ 64} Owens's argument here is meritless. The Ohio Constitution does provide that "no person shall be held to answer for a capital or otherwise infamous crime, unless on presentment or indictment of a grand jury." Section 10, Article I, Ohio Constitution. However, pursuant to Crim.R. 7(A), and R.C. 2941.021, this right may be waived. See also *Stacy v. Van Coren* (1969), 18 Ohio St.2d 188, 189–190, 47 O.O.2d 397, 248 N.E.2d 603.

{¶ 65} R.C. 2941.021, prosecution by information, states:

{¶ 66} "Any criminal offense which is not punishable by death or life imprisonment may be prosecuted by information filed in the common pleas court by the prosecuting attorney if the defendant, after he has been advised by the court of the nature of the charge against him and of his rights under the constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court prosecution by indictment."

{¶ 67} Crim.R. 7(A), use of indictment or information, states:

{¶ 68} "A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that right in writing and in open court."

{¶ 69} In *State v. Susany*, 7th Dist. No. 07MA7, 2008-Ohio-1543, 2008 WL 852066, at ¶ 21–39, we held that the defendant's waiver of indictment was valid where he was represented by counsel; he was fully aware of the charges against him at the time he signed his waiver of indictment and at the time of his guilty plea; and he entered his plea knowingly, voluntarily, and intelligently.

{¶ 70} In the present case, the record reflects that Owens was represented by counsel and was fully aware of the charges against him at the time he signed his waiver of indictment and at the time of his guilty plea. During the plea hearing,

the court explained the nature of the amended charge, i.e., pattern of corrupt activity, and Owens stipulated that he waived his right to a new indictment on that charge.

{¶ 71} In addition, in the context of his written plea agreement, Owens waived presentment of the amended charge to the grand jury. Specifically, the plea agreement states:

{¶ 72} "1. My counsel had advised me and I fully understand the nature of the charge(s) against me and the elements contained therein. * * *.

{¶ 73} "2. I understand that by my plea I waive certain important and substantial constitutional rights, including * * * my right to have a grand jury review my case as to the amended charges herein. I also waive any and all argument that I have or may have made concerning the amendment of the charges at [sic] it relates to Criminal Rule 7 (amendment of charges to a charge with a different name.)"

{¶ 74} Further, as explained above, the record reflects that Owens's guilty plea was knowingly, voluntarily, and intelligently made.

{¶ 75} Accordingly, Owens effectively waived his right to a presentment of the amended charge to the grand jury, and therefore his third pro se assignment of error is meritless.

## Crim.R. 32(A)(1) Right to Allocution

{¶ 76} In his fourth and final pro se assignment of error, Owens asserts:

{¶ 77} "The trial court erred when it denied appellant his 'general right to allocution' set forth in Ohio Criminal Rule 32(A)(1)."

{¶ 78} Based upon our resolution of counsel's sole assignment of error, this issue is moot, and therefore we decline to address it.

## Conclusion

{¶ 79} Counsel's sole assignment of error is meritorious. The delay between Owens's plea and the sentence was unreasonable and can be attributed only to the state. However, Owens's first three pro se assignments of error are meritless and his fourth assignment of error is rendered moot. First, Owens is incorrect in stating that his conviction should be vacated due to the unreasonable delay between the plea and sentence; the proper remedy for that error is vacation of the sentence only. Second, Owens's ineffective-assistance-of-counsel claim is waived by virtue of Owens's knowing, voluntary, and intelligent guilty plea. Third, his challenge to the validity of the plea agreement is meritless because Owens's knowingly and voluntarily waived his right to presentment of the amended charge to the grand jury. Finally, Owens's fourth pro se assign-

ment of error is moot in light of our resolution of counsel's sole assignment of error. Accordingly, the judgment of the trial court is affirmed in part and vacated in part. Owens's conviction is affirmed, and his sentence is vacated.

Judgment affirmed in part
and vacated in part.

DONOFRIO, J., concurs.

VUKOVICH, P.J., dissents with dissenting opinion.

VUKOVICH, Presiding Judge, dissenting.

{¶ 80} I dissent from the decision to vacate appellant's sentence. I would hold that the delay in sentencing was not unreasonable in this case and that the trial court properly denied appellant's motion to dismiss. This case is more similar to the Supreme Court's *Neal* case than to our *Brown* case, and our holding in *Brown* actually supports the denial of appellant's motion to dismiss.

{¶ 81} In *Neal,* the Supreme Court concluded that waiting for the resolution of a related indictment and thus deferring a sentence for ten months after conviction was not unreasonable, as the severity of sentence could be affected by the other charges. *Neal v. Maxwell* (1963), 175 Ohio St. 201, 202, 24 O.O.2d 281, 192 N.E.2d 782 (noting that the trial court has discretion in determining the proper time for sentencing). In *Brown,* the defendant pleaded guilty in May 1998, the court issued a bench warrant to retrieve the defendant from Colorado in August 1998, and then, nothing occurred in the case until the defendant filed a motion to dismiss in March 2000. *State v. Brown,* 152 Ohio App.3d 8, 2003-Ohio-1218, 786 N.E.2d 492. The trial court then waited over a month to issue a ruling that gave the state an additional one year to procure the defendant for sentencing. Over a year after that, sentencing proceeded by video.

{¶ 82} Notably, the defendant in *Brown* appeared at an extradition action in Ohio seemingly indicating a desire to be sentenced for his Ohio crimes prior to any extradition to Colorado. Instead of ensuring that he was sentenced for his Ohio crimes, the court transferred him to Colorado. We focused on this fact and found that Ohio was responsible for the situation of the defendant's unavailability. We also noted that if the defendant had waived extradition to Colorado, then we would have found that his unavailability for Ohio sentencing was attributable to the defendant. Id. at ¶ 23, 29–30.

{¶ 83} Thus, it appears that our analysis in delayed-sentencing cases should include consideration of the following nondispositive factors: the amount of total delay (minus defendant continuances), the amount of delay during which no action occurred, the reason for the delay, and if absence from the state is part of the reason, the party to whom the absence is attributable.

{¶ 84} Here, two weeks after his February 2006 plea was entered and while his presentence investigation was being compiled, appellant committed crimes in Pennsylvania. He was immediately arrested and jailed *in that state*. Thus, he directly caused his incarceration in Pennsylvania and his absence from Ohio. The situation is distinguishable from *Brown* on this fact alone as Brown's absence was said to be attributable to the state because even though that defendant seemed to ask to be sentenced before extradition, the Ohio court proceeded to release the defendant to Colorado prior to the Ohio sentencing hearing. The fact that appellant was jailed out of state also distinguishes this case from the two cases cited in *Brown* with shorter delays, as those defendants were sitting in the local jail awaiting sentencing with no reason for the failure to set a sentencing hearing. See *State v. Tucker* (May 2, 1989), 10th Dist. No. 88AP–550, 1989 WL 47102; *Willoughby v. Lukehart* (1987), 39 Ohio App.3d 74, 529 N.E.2d 206.

{¶ 85} Moreover, during the Ohio trial court's timely attempts to retrieve him, appellant waived extradition in the Pennsylvania court. Despite this waiver, Pennsylvania would not honor our warrant for removal and refused the sheriff's attempt to execute the warrant. We also note that Ohio retrieved appellant immediately upon his release in July 2007, and the trial court immediately set sentencing within the month, giving him time to prepare. That hearing was continued only at his request. Thus, the sentence would have been imposed the month prior to his motion to dismiss if he had not filed a continuance of the sentencing hearing, whereas in *Brown*, the sentence was not imposed until over a year after the defendant filed his motion to dismiss for delay. The time period here is more comparable to the ten months in *Neal* than the more than three years in *Brown*.

{¶ 86} Furthermore, there can be no doubt that the few months leading up to Pennsylvania's refusal of Ohio's warrant constituted a reasonable time period and a reasonable initial attempt at retrieval. Similarly, there can be no question that the time between Owens's retrieval by Ohio and his original sentencing date was reasonable. As acknowledged by the majority, the only contestable time period is the 13 months after the refusal by Pennsylvania during which no attempt to sentence appellant was made.

{¶ 87} In evaluating this delay, I note that he was incarcerated in a jail, not a prison, allowing the requesting court to infer that potential incarceration would be shorter rather than longer. In other words, if the anticipated release date is ten years away, the court might be obligated to find a way to sentence the defendant, but where the anticipated release date is not that far in the future, the court has some discretion to wait.

{¶ 88} Finally, appellant not only got himself incarcerated out of state, but the holding jail refused the Ohio court's warrant for removal notwithstanding appel-

lant's waiver of extradition, which procedure is not the exclusive remedy in any event. See R.C. 2963.21. To the contrary, in *Brown*, there was no indication that the trial court's warrant was refused by the other state or that any attempt was made by the sheriff's office to retrieve the defendant as was performed here.

{¶ 89} In conclusion, no one factor is dispositive, but in balancing the factors, I find that the delay was not so unreasonable that vacation of the sentence is required under the totality of the facts and circumstances existing herein. I would conclude that after a county jail in another state refuses a warrant for removal even though the defendant waived extradition, it is not an abuse of discretion for the trial court to determine that sentencing could wait until the defendant is released from that jail, especially where there is a plan in place to immediately retrieve him from that jail upon his release.

{¶ 90} This is particularly true where the location of the defendant at the time of the originally scheduled sentencing was not attributable to the state, as was the crux of our holding in *Brown*. Id. at ¶ 23 ("Obviously, if appellant had waived extradition so that the authorities in Jefferson County were forced to deliver him into the custody of officials from the state of Colorado, he would have been responsible for any subsequent effects of that decision, such as missing his sentencing hearing in Columbiana County"). See also *State v. Fugate*, 6th Dist. No. F–07–003, 2007-Ohio-6126, 2007 WL 3408262, ¶ 12 (defendant's mere act of committing crimes and becoming incarcerated in other state pending sentencing justifies a delay of one and one half years; also finding waiver of issue). Such a holding would not be inconsistent with *Brown*. Thus, I would affirm appellant's sentence.