[Cite as *State v. Dowdell*, 2011-Ohio-2922.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95630

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LEONARD DOWDELL

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-440311

**BEFORE:**    Blackmon, P.J., Jones, J., and Cooney, J.

**RELEASED AND JOURNALIZED:**    June 16, 2011

**ATTORNEYS FOR APPELLANT**

Mark Gallagher
Towards Employment, Inc.
1255 Euclid Avenue, Suite 300
Cleveland, Ohio 44115

Brenna Lisowski
13940 Cedar Road, Suite 342
University Heights, Ohio 44118

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Daniel T. Van
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant Leonard Dowdell ("Dowdell") appeals his resentencing and assigns the following error for our review:

> **"The trial court violated Crim.R. 32 when there was an unnecessary delay in sentencing the appellant."**

{¶ 2} Having reviewed the record and pertinent law, we affirm Dowdell's sentence. The apposite facts follow.

## Facts

**{¶ 3}** After a bench trial on October 1, 2003, the trial court convicted Dowdell of one count each of aggravated robbery and kidnapping, both of which had firearm and repeat violent offender specifications and notice of prior convictions, and one count of having a weapon while under disability. On October 28, 2003, the court sentenced Dowdell to four years in prison for aggravated robbery, four years in prison for kidnapping, and ten months for having a weapon under disability, all to be served concurrently. The court also merged the firearm specifications and imposed a three year sentence to be served consecutively to the other counts for a total of seven years in prison.

**{¶ 4}** Dowdell appealed, and we affirmed his conviction. *State v. Dowdell*, Cuyahoga App. No. 83829, 2004-Ohio-5487. On August 26, 2009, he filed a motion for sentencing in which he argued the trial court failed to advise him that his postrelease control was for a mandatory five years. The trial court denied the motion without opinion. However, on June 23, 2010, the trial court attempted to correct its failure to properly impose postrelease control by conducting a hearing via video conference. Dowdell refused to appear by video, thus the court ordered that he be transported to the court.

**{¶ 5}** On July 29, 2010, the court conducted a de novo resentencing hearing. The court advised Dowdell of his postrelease control obligations

and reimposed the seven-year prison sentence.[1] On October 19, 2010, Dowdell was released from prison.

### Unreasonable Delay in Sentencing

{¶ 6} In his sole assigned error, Dowdell argues there was unreasonable delay in sentencing him. He contends that although he was convicted on October 1, 2003, he did not receive a valid sentence until July 29, 2010 because his original sentence was void due to the court's failure to properly impose postrelease control.

{¶ 7} This court has repeatedly held that Crim.R. 32(A)'s requirement that a sentence be imposed without unnecessary delay does not apply to resentencing hearings. *State v. Wright*, Cuyahoga App. No. 95096, 2011-Ohio-733; *State v. Harris*, Cuyahoga App. No. 95010, 2011-Ohio-482; *State v. Coleman*, Cuyahoga App. No. 94866, 2011-Ohio-341; *State v. McQueen*, Cuyahoga App. No. 91370, 2009-Ohio-1085; *State v. Craddock*, Cuyahoga App. No. 94387, 2010-Ohio-5782; *State v. Huber*, Cuyahoga App.

---

[1]We note that the court at the resentencing hearing merged the aggravated robbery and kidnapping counts after the state conceded they were allied offenses. This did not affect the length of the sentence because the prior sentence ordered the counts to be served concurrently. Pursuant to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the trial court did not have authority to merge the offenses because the *Fischer* court held that only the postrelease control part of the sentence is subject to correction. However, because Dowdell's counsel orally moved for the trial court to merge the sentences, and the state agreed, we find no error in the court's merging the offenses.

No. 85082, 2005-Ohio-2625. In so holding, we rationalized that it is when the original sentence is imposed that determines whether there was unreasonable delay.

{¶ 8} The Ohio Supreme Court's recent holding in *Fischer* supports this conclusion. In *Fischer*, the court modified its holding in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, to the extent that it held a "complete de novo resentencing is not required when a defendant prevails only as to the postrelease control aspect of a particular sentence * * * and the limited resentencing must cover only the postrelease control." *Fischer* at ¶17. In so holding, the Court explained that only the postrelease control portion of the sentence is void, not the entire sentence. In the instant case, Dowdell was convicted on October 1, 2003 and sentenced on October 28, 2003. Thus, he was sentenced within a reasonable time.

{¶ 9} Dowdell relies on the holdings in *State v. Mack*, Cuyahoga App. No. 92606, 2009-Ohio-6460, and *State v. Owens*, 181 Ohio App.3d 725, 2009-Ohio-1508, 910 N.E.2d 1059, to support his argument that Crim.R. 32(A) does apply to resentencings. However, this court in *Coleman* addressed these cases and found them distinguishable based on the fact the defendants in those cases were resentenced after they were released from prison. Dowdell had not been released from prison at the time he was

resentenced. Moreover, the holdings in these cases is debatable given the holding in *Fischer*. Accordingly, Dowdell's sole assigned error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

LARRY A. JONES, J., and
COLLEEN CONWAY COONEY, J., CONCUR