[Cite as *State v. Edmead*, **2022-Ohio-2608**.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

    Appellee

v.

Heath Edmead

    Appellant

Court of Appeals No.  WD-21-074

Trial Court No.  2015CR0317

**DECISION AND JUDGMENT**

Decided:  July 29, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Heath Edmead, appeals the judgment of the Wood County Court of Common Pleas, sentencing him to ten months in prison after he pled guilty to one count of theft.  Because the state concedes error under 6th Dist.Loc.App.R. 10(H), and we agree with the parties in this case that the trial court acted without jurisdiction when it sentenced appellant to prison after an "unnecessary delay" under Crim.R. 32(A), we reverse.

{¶ 2} On August 6, 2015, appellant was indicted on one count of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(3) and (B)(5), a felony of the fourth degree. According to the indictment, appellant stole a 2005 Volvo semi-truck from its owner on April 5, 2015.

{¶ 3} After the indictment was filed, a warrant was issued for appellant's arrest. However, because appellant was already incarcerated in New Jersey, the arrest warrant was not served until June 14, 2018. Five days later, appellant appeared before the trial court for arraignment and entered a plea of not guilty to the sole charge contained in the indictment. The trial court found appellant indigent, appointed him counsel, and continued the matter for a pretrial hearing at a later date.

{¶ 4} Following several continuances, appellant appeared before the trial court again on September 17, 2018, for a change of plea hearing. Pursuant to a plea agreement, appellant entered a guilty plea to the amended charge of theft in violation of R.C. 2913.02(A)(1) and (B)(1), a felony of the fifth degree. Following a Crim.R. 11 colloquy, the trial court accepted appellant's plea and found him guilty of the amended offense. The trial court then ordered the preparation of a presentence investigation report and continued the matter for sentencing.

{¶ 5} On November 27, 2018, the trial court attempted to hold a sentencing hearing. However, appellant did not appear for sentencing, prompting the trial court to issue a nationwide warrant for appellant's arrest. In its order issuing the warrant, the trial court noted that appellant was "housed in Cayuga City Jail, New York" and indicated:

2.

"This case is removed from the active docket until such time as the Defendant is in custody."

{¶ 6} Thereafter, on May 24, 2019, the trial court received a letter from appellant, informing the court that appellant was being held in the Gowanda Correctional Facility located in Gowanda, New York. In his letter, appellant asked the trial court to hold his sentencing hearing via video teleconferencing in this matter, and expressly agreed to waive his right to be physically present at such hearing.

{¶ 7} Receiving no response from the trial court, appellant sent several follow-up letters to the court reiterating his request to be sentenced remotely and asking for a status update. Eventually, on September 22, 2021, the trial court finally granted appellant's request and set the matter for a sentencing hearing.

{¶ 8} On October 7, 2021, appellant appeared before the trial court via telephone for his remote sentencing hearing. At the hearing, the trial court ordered appellant to serve ten months in prison, and directed that the sentence be served concurrently with a prison term appellant was already serving in New York.

{¶ 9} Thereafter, on November 1, 2021, appellant filed his timely notice of appeal. On February 17, 2022, appellant filed his merit brief, in which he assigns the following error for our review: "The trial court was divested of jurisdiction after an over 2 year delay between plea and sentencing under Crim.R. 32(A)."

{¶ 10} On April 13, 2022, while the appeal was pending and before the state filed its appellee brief, appellant filed a motion to dismiss, in which he indicated that the state

3.

agreed with his contention that his sentence was improperly imposed by the trial court and thus void. On May 16, 2022, we issued our decision denying appellant's motion to dismiss and directing the parties to file a notice of conceded error under 6th Dist.Loc.App.R. 10(H) within 14 days. The following day, the state filed a notice of conceded error, acknowledging that "the trial court erred when it sentenced Edmead to a prison term after an 'unnecessary delay' pursuant to Crim.R. 32(A)." The matter is now decisional.

{¶ 11} "It is well established that the time of pronouncing sentence is within the discretion of the trial court, and a delay for a reasonable time does not invalidate the sentence." *Neal v. Maxwell*, 175 Ohio St. 201, 202, 192 N.E.2d 782 (1963). However, under Crim.R. 32(A), a criminal sentence must be imposed without unnecessary delay, and "any delay in sentencing must be reasonable in order to be valid." *State v. Brown*, 152 Ohio App.3d 8, 2003-Ohio-1218, ¶ 20 (7th Dist.).

{¶ 12} In *Brown*, one of the two cases relied upon by appellant in this case, the Seventh District reversed the defendant's sentence and held that a 20-month delay in sentencing was unreasonable, thereby divesting the trial court of jurisdiction to impose the sentence. *Brown* at ¶ 31. The defendant in *Brown* pleaded guilty to charges in Columbiana County. However, the defendant was arrested and detained in Jefferson County prior to his sentencing based upon a request for extradition to Colorado. The defendant was eventually extradited to Colorado and thus failed to appear in Columbiana

4.

County for his scheduled sentencing, at which point the trial court issued a warrant for his arrest.

{¶ 13} The defendant was not returned to Ohio and neither the state nor the trial court took any steps to sentence the defendant for a period of 20 months. Finally, over three years after he entered his guilty plea, the defendant was sentenced via video conference. On appeal, the Seventh District reversed the defendant's sentence and held that the 20-month delay in sentencing was unreasonable, thereby divesting the trial court of jurisdiction to impose the sentence. *Brown* at ¶ 31.

{¶ 14} In addition to relying upon *Brown* to support his argument, appellant also cites to a decision of the Twelfth District, *State v. Johnson*, 12th Dist. Madison No. CA2002-07-016, 2003-Ohio-6261. There, the defendant pled guilty to several felony charges, but failed to appear at his sentencing hearing. *Id.* at ¶ 2. The defendant was then arrested, charged, and convicted of unrelated offenses in Kentucky. *Id.* The defendant and his attorney wrote letters to the Ohio court notifying it of the defendant's whereabouts and requesting disposition of the case. *Id.* at ¶ 4-9. Notwithstanding such notice, the court failed to sentence the defendant until he was released from prison in Kentucky six years later. *Id.* at ¶ 9. On appeal, the Twelfth District relied upon *Brown* and held that the trial court's six-year delay was unreasonable. *Id.* at ¶ 17. As such, the court found that the trial court was divested of jurisdiction to sentence the defendant and reversed the sentence based upon that finding. *Id.* at ¶ 17-18.

5.

**{¶ 15}** In his brief, appellant argues that the facts of this case are analogous to the facts articulated by the courts in *Brown* and *Johnson*. The state agrees, and concedes that the trial court's delay in sentencing appellant in this case was unreasonable.

**{¶ 16}** Having reviewed the record before us in light of *Brown* and *Johnson*, we agree that the delay of nearly three years between finding appellant guilty of theft on September 17, 2018, and sentencing him for the offense on October 7, 2021, was unreasonable. Like the defendant in *Johnson*, appellant notified the state and the trial court of his out-of-state incarceration several times during the aforementioned period, and requested final disposition in each of his letters to the trial court. As in *Brown* and *Johnson*, neither the state nor the trial court took any action on appellant's requests, and no explanation was provided for the delay.

**{¶ 17}** In *State v. Martinez*, 6th Dist. Wood. No. WD-09-068, 2010-Ohio-2007, we reviewed *Brown* and *Johnson* and noted that, in both cases, "the state and or the trial court were shown to have relevant, specific information of the defendants' whereabouts yet they simply failed to act on said information in a timely manner. Furthermore, the records in those cases showed the state and or the trial court had no valid excuse for their inaction." *Id.* at ¶ 16. Such is precisely the case here. Consequently, we reach the same conclusion reached in *Brown* and *Johnson*, namely that the trial court's delay in sentencing appellant was unreasonable and therefore the trial court was divested of jurisdiction to sentence appellant.

6.

**{¶ 18}** Accordingly, appellant's sole assignment of error is well-taken. "[T]he remedy for an unreasonable delay is for 'the sentence [to] be reversed, rather than a full dismissal of the charges.'" *State v. Owens*, 181 Ohio App.3d 725, 2009-Ohio-1508, 910 N.E.2d 1059, ¶ 35 (7th Dist.), citing *Brown* at ¶ 30 and *Johnson* at ¶ 18. Thus, the judgment of the Wood County Court of Common Pleas is reversed, and appellant's sentence is vacated. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                                                                   JUDGE
Gene A. Zmuda, J.

Myron C. Duhart, P.J.        _____
CONCUR.                                                  JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.