[Cite as *State v. Cologie*, 2017-Ohio-9217.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 17 BE 0009 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JOSHUA ALAN COLOGIE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court Of
Common Pleas of Belmont County, Ohio
Case No. 16 CR 299

JUDGMENT:                                    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:                    No Brief Filed

For Defendant-Appellant:              Atty. John D. Falgiani, Jr.
P.O. Box 8533
Warren, OH 44484

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  December 22, 2017

ROBB, P.J.

{¶1} Defendant–Appellant Joshua Cologie appeals from his convictions entered in Belmont County Common Pleas Court for two counts of gross sexual imposition. Appellant's counsel filed an *Anders* brief and requested leave to withdraw. A review of the case file and brief reveals there is no merit with this appeal. Accordingly, appointed counsel's motion to withdraw is granted, and the convictions are affirmed.

### Statement of the Case

{¶2} Appellant was indicted on December 7, 2016 for three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), third-degree felonies. The indictment alleged over a 15 month period Appellant had sexual contact with the victim who was less than thirteen years of age.

{¶3} A plea agreement was reached by the state and Appellant. The state agreed to dismiss count three of the indictment and Appellant agreed to plead guilty to counts one and two of the indictment. 1/20/17 J.E. After the plea colloquy, the trial court accepted the guilty plea and dismissed count three of the indictment. 1/20/17 J.E.; 1/19/17 Plea Tr. 12.

{¶4} Sentencing occurred on February 6, 2017. Appellant received an aggregate sentence of 120 months; he received 60 months for each gross sexual imposition conviction and those sentences were ordered to be served consecutively. 2/7/17 J.E. In addition to the prison term, Appellant was sentenced to 5 years of post-release control and he was advised of the consequences for violating post-release control. 2/7/17 J.E. Appellant was designated a Tier II sex offender and informed of his reporting requirements. 2/7/17 J.E.

{¶5} Appellant timely appealed his convictions. After reviewing the record, appointed counsel filed an *Anders* brief and moved to withdraw as counsel.

### ANALYSIS

{¶6} When appellate counsel seeks to withdraw and discloses there are no meritorious arguments for appeal, the filing is known as an *Anders* brief or a no-merit brief. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). In this district, it is

also called a *Toney* brief. *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

**{¶7}** In *Toney*, this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

> 3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
>
> 4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
>
> 5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
>
> * * *
>
> 7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶8}** The *Anders* brief was filed by appellate counsel on June 2, 2017. In that brief, appellate counsel identified three potential issues for appeal and determined there were no reasonable, arguable issues. Appellant was notified of appellate counsel's *Anders* brief and was granted 30 days to file his own written brief.

7/21/17 J.E. Appellant has not filed a brief and the time for filing a brief has passed. Accordingly, our analysis will proceed with an independent examination of the record to determine if the appeal is frivolous. Our review will encompass the following issues: 1) whether the plea was entered knowingly, intelligently, and voluntarily; 2) whether the sentence complies with the law; and 3) whether Appellant received ineffective assistance of counsel. These are the three issues counsel identified as potentially appealable.

Plea

**{¶9}** Crim.R. 11(C) provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure the plea is entered into knowingly, intelligently, and voluntarily. These advisements are divided into constitutional rights and nonconstitutional rights.

**{¶10}** The constitutional rights are: 1) a jury trial; 2) confrontation of witnesses against him; 3) the compulsory process for obtaining witnesses in his favor; 4) the state must prove the defendant's guilt beyond a reasonable doubt at trial; and 5) the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. The trial court must strictly comply with these requirements; if it fails to strictly comply, then the defendant's plea is invalid. *Veney* at ¶ 31; *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981).

**{¶11}** The nonconstitutional rights the defendant must be informed of are: 1) the nature of the charges; 2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; 3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and 4) after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10–13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008–Ohio–509, 423 N.E.2d 1224, ¶ 19–26, (post-release control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that

under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15, quoting *Nero* at 108. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15, citing *Nero* at 108.

**{¶12}** The record indicates the trial court's advisement on the constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Appellant was informed and indicated he understood by pleading guilty he was waiving his right to a jury trial, his right to confront witnesses against him, his right to subpoena witnesses in his favor, and his right to have the state prove beyond a reasonable doubt every element of the indicted offenses. 1/19/17 Plea Tr. 8-9. He was also informed and stated he understood if he went to trial he could not be compelled to testify against himself. 1/19/17 Plea Tr. 9.

**{¶13}** As to the nonconstitutional rights, the trial court's advisement substantially complied with Crim.R. 11. Appellant was advised of the charges, the maximum sentence, and maximum fine. 1/19/17 Plea Tr. 2. He was informed the maximum penalty for each gross sexual imposition conviction was 60 months and a $10,000 fine. 1/19/17 Plea Tr. 2. He was advised, if convicted, he would be classified as a Tier II sex offender. 1/19/17 Plea Tr. 2. The trial court also explained to Appellant that following his release from prison he would be subject to 5 years of post-release control, and he was advised of the consequences for violating post-release control. 1/19/17 Tr. 7. Appellant was also advised the crimes did not require a mandatory prison term, and he was eligible for community control. 1/19/17 Plea Tr. 6. The trial court also explained it could proceed immediately to sentencing. 1/19/17 Tr. 6.

**{¶14}** Consequently, for the above reasons, there are no appealable issues concerning the plea. The record confirms that the plea was intelligently, voluntarily, and knowingly entered.

## Sentencing

**{¶15}** The trial court imposed 60 months for each gross sexual imposition conviction and ordered the sentences to be served consecutively. Appellant was sentenced to 5 years of post-release control and he was classified as a Tier II sex offender.

**{¶16}** Review of felony sentences is governed by R.C. 2953.08(G)(2). *State v Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Under R.C. 2953.08(G)(2) an "appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1, 23. Clear and convincing evidence "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶17}** A sentence is clearly and convincingly contrary to law if the sentence falls outside the statutory range for the particular degree of offense, the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, or if consecutive sentences are ordered and the trial court did not make the necessary consecutive sentence finding. *State v. Fenske*, 7th Dist. No. 16 JE 006, 2017-Ohio-7761, ¶ 26, (Indicating a sentence is contrary to law if the sentence falls outside statutory range and/or the trial court failed to consider R.C. 2929.11 and R.C. 2929.12); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-2177, 16 N.E.3d 659, ¶ 30 (Failing to make consecutive sentence findings in the judgment entry does not render the sentence contrary to law, but failing to make those findings at the sentencing hearing does render the sentence contrary to law. A nunc pro tunc order can correct the failure to make findings in the judgment entry as long as the findings were made at the sentencing hearing.); *Marcum* at ¶ 23 ("[I]t is fully consistent for appellate courts to

review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.").

**{¶18}** A violation of R.C. 2907.05 that is a third-degree felony has a sentencing range of 12, 18, 24, 20, 26, 42, 48, 54 or 60 months. R.C. 2929.14(A)(3)(a). Thus, the 60 month sentence for each third-degree felony gross sexual imposition conviction was within the statutory range.

**{¶19}** The trial court's imposition of five years of post-release control also complied with the statutory mandates. R.C. 2929.19(B)(2)(c) requires a trial court to give notice of post-release control to a defendant at sentencing if a prison term is imposed for a first-degree felony, a second-degree felony, or for a felony sex offense. Gross sexual imposition is a "felony sex offense" and carries a five-year period of post-release control. R.C. 2967.28(A)(3), (B)(1). The trial court is required to notify the defendant of the consequences of violating post-release control. R.C. 2929.19(B)(2)(e). The trial court did this at both the sentencing hearing and in the judgment entry. 2/6/17 Sentencing Tr. 11; 2/7/17 J.E.

**{¶20}** Appellant's classification as a Tier II sex offender also complied with the statutes. R.C. 2950.01(F)(1)(c) indicates this is the appropriate classification for a violation of R.C. 2907.05(A)(4), gross sexual imposition. The trial court in the sentencing judgment entry and at the sentencing hearing informed Appellant of his reporting requirements. 2/7/17 J.E.; 2/6/17 Sentencing Tr. 11-12. An explanation of duties to register was also completed by the court and Appellant. 2/6/17 Explanation of Duties J.E.

**{¶21}** In rendering the 60 month sentence for each conviction, the trial court considered the purposes and principles in R.C. 2929.11 and the serious and recidivism factors in R.C. 2929.12. In the judgment entry, the trial court stated:

> The Court, in sentencing, may, in its discretion to determine the most
> effective way to comply with the principles and purposes of sentencing

set forth in Revised Code §2929.12(B), (C), (D), and (E) and any other factors relevant to achieving those purposes and principles.

In light of that guidance, the Court finds that the factors contained in Ohio Revised Code §2929.12(B) and (D) and in §2929.13(B)(2) which indicate more serious conduct and more likelihood of recidivism include the following:

1. As an adult, Defendant has convictions for OVI (3), No Operator's License (M-1: 1), Failure to Control (4) and safety belt nonuse;

2. Defendant's victim suffered physical and psychological harm which was exacerbated by her young age;

3. Defendant held a position of trust as the caregiver of the child;

4. Defendant's relationship with the victim facilitated the offense;

5. Defendant was a custodian and the victim was a household member;

6. Defendant shows a pattern of drug and alcohol abuse and blames this misconduct upon that abuse;

7. Defendant shows little genuine remorse and blames his nine (9) year old victim for initiating the sexual contact and excuses the sexually abusive conduct by claiming the child enjoyed what he was doing; and

8. Defendant already received consideration when Count III was dismissed.

In accordance with Ohio Revised Code §2929.12(C) and (E), which suggest that his conduct is less serious and that recidivism is less likely, the Court can find no factors in Defendant's favor.

The Court further finds in accordance with Ohio Revised Code § 2929.11(A), that the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others to punish the offender, using the minimum sanctions that the Court determines accomplishes these purposes, without imposing an unnecessary burden on State and local government resources. In this case, the message must be clear that adults may not engage in sexual behavior with children.

2/7/17 J.E.

Very similar statements were made at the sentencing hearing:

The Court in sentencing has discretion to determine the most effective way to comply with the principles and purposes of sentencing, considering, however, the seriousness and recidivism factors that are relevant to achieving those purposes and principles.

The factors that indicate more serious conduct, more likelihood of recidivism, the Court finds are as follows: As an adult, you do have convictions for OVI, three of those; no operator's license; failure to control, there's four of those; and there's a seatbelt offense. No felonies, as Mr. Ryncarz [defense counsel] has pointed out. The victim suffered physical and psychological harm, which is exacerbated by her young age. You held a possession [sic] of trust as the caregiver of that child. Your relationship with the child facilitated the offense. You were a custodian. The victim was a household member. There's a pattern of drug and alcohol abuse. You blame that for your misconduct. Again, you have done that today.

Other than today, I haven't seen a showing of any real genuine remorse, and the two factors that primarily stand out to me, Mr. Cologie, are the following: You accused the child of initiating contact and you said it was okay in your mind, because she enjoyed it.

You've already received consideration when Count III was dismissed.

The factors that indicate less serious conduct, less likelihood of recidivism, there simply aren't any. Again, the purposes of felony sentencing are to protect the public from future crime by you and others, and to punish you using the minimum sanctions that accomplish those purposes without imposing an unnecessary burden on state or local government resources. In this case, the message has to be clear that adults may not engage in sexual behavior with children.

2/6/17 Sentencing Tr. 8-9.

{¶22} The record in this case, including the PSI, indicates the trial court's statements regarding Appellant's record, remorse, and relationship with the child are accurate. Accordingly, the record confirms the trial court did consider the factors and the principles and purposes of sentencing, and the sentence imposed was not clearly and convincingly contrary to law.

{¶23} Our review moves to the trial court's imposition of consecutive sentences. When a trial court imposes consecutive sentences it must make the required R.C. 2929.14(C)(4) findings at the sentencing hearing, and it must incorporate those findings into the sentencing entry. *Bonnell*, 2014–Ohio–3177 at ¶ 29. We have previously explained R.C. 2929.14(C)(4) requires a sentencing court to find: "(1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public, and (3) one of the findings described in subsections (a), (b) or (c)." *State v. Jackson*, 7th Dist. No. 15 MA 93, 2016-Ohio-1063, ¶ 13. Subsections (a), (b), and (c) provide:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

At the sentencing hearing, the trial court stated:

The Court is also going to find in this matter that prison terms are necessary and that they must be consecutive so as to protect the public and to punish you. Consecutive terms are not disproportionate with your conduct. The harm that you caused is so great or unusual that a single term does not adequately reflect the seriousness of your conduct. Consecutive terms are necessary to protect the public from you. You engaged in sexually molesting this child over a period of 15 months. That's the hell that she lived.

2/6/17 Sentencing Tr. 9-10.

**{¶24}** These statements constitute a R.C. 2929.14(C)(4) finding. Admittedly, the trial court did not use the exact words of the statute. For instance, for the R.C. 2929.14(C)(4)(b) finding the trial court did not state the "multiple offenses were committed as part of one or more courses of conduct." However, the course of

conduct finding was made when the trial court indicated the offenses occurred over a 15 month period. Similarly, when the trial court stated, "Consecutive prison terms are necessary to protect the public from you," the trial court was finding the second part of R.C. 2929.14(C)(4), that Appellant posed a danger to the public. The Supreme Court has explained, "A word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 2014–Ohio– 3177 at ¶ 29. Consequently, using 'magic' or 'talismanic' words is not needed to impose consecutive sentences. *State v. Jackson*, 7th Dist. No. 14 MA 99, 2015-Ohio-1365, ¶ 10, citing *State v. Bellard*, 7th Dist. No. 12 MA 97, 2013–Ohio–2956, ¶ 17. Given the statements made during the hearing, it is discernable that the trial court engaged in the correct analysis. Therefore, the trial court's statements at the sentencing hearing complied with the mandates of *Bonnell* and R.C. 2929.14(C)(4).

**{¶25}** The trial court was also required to state the findings in the sentencing judgment entry. In the entry the court stated:

> The Court finds that consecutive prison terms are necessary in this action so as to protect the public and to punish this Defendant. The Court further finds that consecutive terms are not disproportionate with Defendant's conduct. The harm in Defendant's conduct was so great or unusual that a single term does not adequately reflect the seriousness of his conduct, and Defendant's criminal history shows that consecutive terms are needed to protect the public from him. Defendant engaged in this sexual molestation over a period of fifteen (15) months.

2/7/17 J.E.

**{¶26}** This statement is very similar to the statements made at the sentencing hearing. Thus, for the same reasons espoused above, the statement demonstrates compliance with R.C. 2929.14(C)(4).

**{¶27}** As to sentencing, there are no appealable issues regarding the sentence being within the statutory range, the imposition of consecutive sentences, and consideration of R.C. 2929.11 and R.C. 2929.12. The sentence, including the post-release control sentence and the sex offender classification, was within the applicable statutory range, R.C. 2929.14(C)(4) was followed for the imposition of consecutive sentences, and the record indicates the trial court considered R.C. 2929.11 and R.C. 2929.12 when it imposed the sentence.

Ineffective Assistance of Counsel

**{¶28}** We review a claim of ineffective assistance of counsel under a two-part test, which requires the defendant to demonstrate: (1) trial counsel's performance fell below an objective standard of reasonable representation; and (2) prejudice arose from the deficient performance. *State v. Bradley*, 42 Ohio St.3d 136, 141–143, 538 N.E.2d 373 (1989), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs must be established; if the performance was not deficient, then there is no need to review for prejudice and vice versa. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

**{¶29}** A voluntary guilty plea waives an ineffective assistance of counsel claim except to the extent that counsel's performance causes the waiver of Defendant's trial rights and the entry of his plea to be less than knowing and voluntary. *State v. Fatula*, 7th Dist. No. 07 BE 24, 2008-Ohio-1544, ¶ 9. Where a defendant has entered a guilty plea, the defendant can prevail on an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty to the offenses at issue and would have insisted on going to trial. *State v. Wilson*, 7th Dist. No. 15 BE 0074, 2016-Ohio-8548, ¶ 16, citing *State v. Williams*, 8th Dist. No. 100459, 2014–Ohio–3415, ¶ 11.

**{¶30}** The record in this case does not support a claim there is a reasonable probability Appellant would not have pled guilty absent counsel's deficient performance. In fact, nothing in the record even suggests deficient performance.

Appellant was charged with three counts of gross sexual imposition and he received a plea offer where the state agreed to dismiss the third count.

**{¶31}** Furthermore, as discussed above, the plea colloquy complied with Crim.R. 11. During the plea colloquy, the trial court asked if anyone promised him anything, threatened him in any way, coerced him or done anything to cause him to enter the plea against his will. 1/19/17 Plea Tr. 4. He responded "no." 1/19/17 Plea Tr. 4. He was also asked if he was satisfied with the advice and competence of his counsel. 1/19/17 Plea Tr. 5-6. He responded he was satisfied. 1/19/17 Plea Tr. 6.

**{¶32}** Given all the above, including the admitted facts and the plea agreement, there is nothing to suggest counsel's performance was deficient or that Appellant was prejudiced in any way. There are no appealable issues regarding a claim for ineffective assistance of counsel.

### Conclusion

**{¶33}** For all the above stated reasons, counsel's motion to withdraw is granted, and the convictions are affirmed.


Donofrio, J., concurs.

DeGenaro, J., concurs.