[Cite as *State v. James*, 2024-Ohio-5937.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRIAN JAMAL JAMES,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0058**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2023 CR 00773

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova,* Mahoning County Prosecutor*, Atty. Edward A. Czopur,* Assistant Mahoning County Prosecutor*,* for Plaintiff-Appellee and

*Atty. John P. Laczko*, *Atty. John P. Laczko, LLC,* for Defendant-Appellant.

Dated: December 19, 2024

**Robb, P.J.**

{¶1} Defendant-Appellant Brian Jamal James appeals after pleading guilty to three first-degree felony drug counts in the Mahoning County Common Pleas Court. He alleges ineffective assistance of counsel resulted in an involuntary plea. For the following reasons, Appellant's argument is without merit, and the trial court's judgment is affirmed.

<u>STATEMENT OF THE CASE</u>

{¶2} On November 9, 2023, Appellant was secretly indicted on nine counts: (1) aggravated trafficking in methamphetamine (meth) on April 7, 2023, a second-degree felony (at least five times the bulk amount); (2) aggravated trafficking in meth on April 18, 2023, a second-degree felony (at least five times the bulk amount); (3) trafficking in cocaine on April 27, 2023, a first-degree felony (at least 27 grams); (4) aggravating trafficking in meth on May 4, 2023, a second-degree felony (at least five times the bulk amount); (5) aggravated trafficking in meth on May 11, 2023, a first-degree felony (at least fifty times the bulk amount); (6) aggravated possession of meth on May 16, 2023, a first-degree felony (at least 100 times the bulk amount); (7) possession of a fentanyl-related compound on May 16, 2023, a first-degree felony (at least 100 grams); (8) possession of cocaine on May 16, 2023, a first-degree felony (at least 100 grams); and (9) having weapons while under disability on May 16, 2023, a third-degree felony (citing five felony drug convictions from 2005, 2008, and 2015).

{¶3} Counts six, seven, and eight carried major drug offenses and one-year firearm specifications. These counts were also accompanied by four forfeiture specifications (for jewelry, $1,005 in cash, a 1970 Cadillac, and a 2004 Camry); a separate automobile forfeiture specification was attached to four counts as well.

{¶4} Appellant appeared at his November 21, 2023 arraignment with retained counsel and posted the $75,000 bond through a surety. Upon defense counsel's requests, the state's November 30, 2023 discovery response included search warrants, police reports related to the drug transactions with a confidential source, photographs, and test results from the state's Bureau of Criminal Investigation (BCI). On December 8, 2023, Appellant appeared for a pretrial, waived his speedy trial rights, and sought a continuance of the upcoming trial to make further preparations.

{¶5} The resulting order granting the continuance set the pretrial for January 16, 2024 and the jury trial for January 22, 2024. At this subsequent pretrial, defense counsel asked for a thirty-day continuance in order to unseal the search warrant affidavits and consult an expert about the lab test results. The prosecutor said he had no objection to the continuance. In granting the motion, the court stated, "It will be the final continuance afforded." (Tr. 4). The court reset the pretrial for February 15, 2024 and the jury trial for February 20, 2024. Defense counsel then filed the motion to unseal the search warrant affidavits on February 5, 2024, and the court granted it in a February 7, 2024 judgment entry.

{¶6} At the February 15, 2024 pretrial, the parties entered a plea agreement. Appellant pled guilty to counts six, seven, and eight with their firearm and forfeiture specifications. The state agreed to dismiss the major drug offender specifications and the other six counts. The state agreed to concurrent sentences for the three offenses, recommending an indefinite term of 11 to 16.5 years plus one year for the firearm specification while Appellant would seek a lower term.[1]

{¶7} The court accepted the plea and ordered a presentence investigation. The conditions of bond were amended to specifically impose an obligation on Appellant to personally be aware of and appear timely at all future court proceedings. He was also ordered to immediately report to and cooperate with the Community Corrections Association in preparation of the presentence investigation report. (2/21/24 J.E.). Appellant was thereafter arrested on a bench warrant when he failed to appear for the sentencing hearing.

{¶8} At the subsequent sentencing hearing on April 23, 2024, the court deviated downward from the state's recommendation and imposed an indefinite term of 10 to 15 years on each offense to run concurrently plus one year for the merged firearm specifications. The court also ordered the forfeiture of the confiscated jewelry, cash, two cars, and three guns. Appellant filed a timely notice of appeal from the May 1, 2024 sentencing order.

---

[1] At the same time, he entered a guilty plea to fifth-degree felony obstructing official business, count two in the indictment in another case 23 CR 779. As part of a global plea agreement, the state recommended the two sentences in the two cases to be run concurrently. Appellant was represented by a different attorney in the other case, who was present at the pretrial, plea hearing, and sentencing in this case.

ASSIGNMENT OF ERROR

{¶9}   Appellant's assignment of error contends:

"APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

{¶10} A claim of ineffective assistance of counsel requires a showing of both deficient performance and resulting prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  If the performance was not deficient, then there is no need to review for prejudice and vice versa.  *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶11} In evaluating an alleged deficiency in performance, the court asks whether there was "a substantial violation of any of defense counsel's essential duties to his client" so that "counsel's representation fell below an objective standard of reasonableness." *State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989), citing *Strickland* at 687-688. Our review is highly deferential to counsel's decisions as there are strong presumptions about counsel's conduct falling within the wide range of reasonable professional assistance and "countless ways to provide effective assistance in any given case."  *Id.* at 142, citing *Strickland* at 689.  A reviewing court is to refrain from second-guessing the strategic decisions of counsel.  *State v. Carter*, 72 Ohio St.3d 545, 558 (1995).

{¶12} On the prejudice prong, the defense must show there is a reasonable probability the result of the proceedings would have been different but for the serious errors committed by counsel.  *Id.* at 557-558.  Prejudice from defective representation justifies reversal only where the results were unreliable or the proceeding was fundamentally unfair due to the performance of trial counsel.  *Id.*, citing *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).  Lesser tests of prejudice have been rejected:  "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."  *Bradley*, 42 Ohio St.3d at 142, fn. 1, quoting *Strickland* at 693.

{¶13} A defendant's guilty plea waives ineffective assistance of counsel claims except for those causing the waiver of trial rights to be less than knowing, intelligent, and voluntary.  *State v. Cologie*, 2017-Ohio-9217, ¶ 29 (7th Dist.).  *See also State v. Spates*, 64 Ohio St.3d 269, 272-273 (1992).  Where a defendant pled guilty, any ineffective

assistance claim in his brief on appeal must demonstrate there is a reasonable probability that he would have insisted on going to trial rather than entering the plea but for counsel's deficient performance. *State v. Drain*, 2022-Ohio-3697, ¶ 38 (12th Dist.); *Cologie* at ¶ 29. As observed by the Supreme Court, a defendant claiming counsel failed to properly investigate before advising him on a guilty plea must show the failure fell below an objective standard of reasonableness and address the likelihood the undiscovered facts would have caused counsel to change his advice on accepting the state's plea offer. *Drain* at ¶ 36, 38.

**{¶14}** Appellant argues he received ineffective assistance of counsel due to a lack of preparation, which affected the voluntariness of his guilty plea. He points to the reasons for seeking a thirty-day continuance at the January 16, 2024 pretrial, suggesting their importance required a faster and more complete response by counsel after receiving the continuance. In requesting this continuance, defense counsel stated:

> the reason for the continuance would be so that we can unseal the search
> warrant affidavits in this case for review. Additionally, Your Honor, I'm in
> the process - - of actually have already reached out to, and will be hiring,
> an expert witness to review the results of the lab tests in this case.

(Tr. 3).

**{¶15}** First, Appellant argues counsel was deficient by waiting until "the eleventh hour" to file the February 5, 2024 motion to unseal the search warrant affidavits (with the trial court granting the motion in an entry signed the next day but file-stamped on February 7, 2024). Although trial was not scheduled to commence until February 20, 2024, Appellant contends "[l]ogic dictates" counsel did not have time to adequately review or discuss the unsealed affidavits before the February 15, 2024 pretrial, at which Appellant entered into the plea agreement. He claims counsel did not meet with him to discuss the unsealed affidavits until the day of that pretrial, and he says this left him with no time to do his own investigation on the statements in the affidavits before considering the plea offer. Appellant also claims he asked counsel to seek an additional continuance on February 15, 2024 and counsel reminded him the court previously said the last request was to be the final request. Appellant says he was reluctant to plead guilty but relied on his attorney's advice, which he now believes was rendered without adequate preparation.

{¶16} We begin by observing the date counsel received the unsealed affidavits is not in the record. The state notes an electronic discovery update may have been performed immediately. Moreover, Appellant does not point to any place in the record showing the contents of the search warrant affidavits in order to demonstrate an abundance of time would have been required to consider the statements therein and render reasonable advice on the path forward. Appellant's arguments are speculative. The unsealing of a search warrant affidavit does not per se require some lengthy investigation.

{¶17} Additionally, as the state points out, the record does not show an absence of communications with counsel before the pretrial. We also note meetings do not only occur in person but can occur by video or by phone and information can be exchanged electronically. Likewise, claims about the discussions at the attorney-client meeting on February 15, 2024 are not part of the record on appeal. "Where the evidence supporting a claim of ineffective assistance of appellate counsel is de hors the record, the subject is not available for analysis in the direct appeal." *State v. Prieto*, 2007-Ohio-7204, ¶ 36 (7th Dist.), citing *State v. Hartman*, 93 Ohio St.3d 274, 299 (2001). *See also State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus (limiting a criminal direct appeal to matter in the trial court record).

{¶18} Next, Appellant suggests counsel was deficient because the record shows he never filed a motion asking *to hire* an expert witness to review the test results on the various drugs at issue. As the state points out, the record does not indicate Appellant was indigent. He was able to achieve a $75,000 surety bond, and the arraignment entry shows Appellant's attorney was retained rather than appointed. Accordingly, there was no expectation counsel would file a motion to hire an expert, which is typically performed in order to seek public funds, not for permission to consult with an expert.

{¶19} Notably, at the January 15, 2024 pretrial, defense counsel informed the court he already contacted the expert. He never mentioned needing time to file a motion for the allocation of funds to hire an expert. Further, there is nothing in the record indicating any expert had information or a conclusion adverse to the state's reliance on the BCI testing. *See Hartman* at 299, citing *Madrigal*, 87 Ohio St.3d at 390-91 (concluding the record does not indicate how an expert would have testified and ineffective assistance

claim is purely speculative). *State v. Carter*, 89 Ohio St.3d 593, 606 (2000) (rejecting the ineffectiveness claim based on failure to pursue certain testing). For all we know, the consulted expert expressed an opinion unfavorable to the defense.

**{¶20}** In any event, merely because a defense attorney asks a court for a continuance, partly in order to confer with an expert he contacted, does not mean counsel is ineffective for negotiating a plea with the state a month later. The record does not demonstrate counsel was deficient for failing to file a motion to hire an expert or for negotiating a plea after mentioning an intent to hire an expert; nor is prejudice demonstrated.

**{¶21}** Finally, we point out when Appellant entered his guilty plea, he knew about the allegedly unfinished tasks now cited and nevertheless made the decision to enter a plea. *See, e.g., State v. Spivey*, 81 Ohio St.3d 405, 417 (1998) (where the defendant filed a pre-sentence motion to withdraw a guilty plea, the Court upheld the conviction by pointing out he chose to waive a jury trial and enter a plea despite his knowledge the test results were pending). Defense counsel negotiated a highly favorable resolution for Appellant. *See id.* ("the main reason appellant entered the pleas of no contest was to take advantage of plea bargaining negotiations"). Appellant received a dismissal of multiple felony charges including two first-degree felony drug charges, three second-degree felony drug charges, and a third-degree felony gun charge, all of which occurred on different dates. In addition, the major drug offender specifications were dismissed as part of the plea and the state recommended concurrent sentences in this case (and in another case) even though Appellant's criminal history and recent pattern of conduct indicated consecutive sentences could have been imposed. Plus, his attorney talked the court into imposing a lower sentence than the maximum term for a first-degree felony recommended by the state as part of the plea.

**{¶22}** As the state further observes, before the guilty plea was accepted, Appellant told the court in writing and orally that he was satisfied with his attorney. (Tr. 6). In addition, the written plea form he signed says he and his attorney had adequate time to prepare the case for disposition. We also note, during the pretrials at issue, Appellant was accompanied by a second attorney, who represented him in a contemporaneous

case and was involved in the global plea agreement. Regardless and considering all of the various reasons set forth herein, Appellant's assignment of error is without merit.

{¶23} For the foregoing reasons, the trial court's judgment is affirmed

Hanni, J., concurs.

Dickey, J., concurs.

––––––––––––––––––––

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**